## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| **ROBERT H. MOYER**, | : | |
| 12322 Jackson River Road | | |
| Monterey, VA 24465 | : | |
| Plaintiff | | |
| v | : | |
| | | CIVIL ACTION._____ |
| **SHIRLEY CONTRACTING COMPANY**, | : | |
| **LLC** | | |
| 8435 Backlick Rd., | : | |
| Lorton, VA 22079-000 | | |
| Defendant | : | |
| Registered Agent: | | |
| C T Corporation System | : | |
| Registered Office Address: | | |
| 4701 Cox Rd. Ste. 285 | : | |
| Glen Allen, VA, 23060-6808 | | |
| | : | |

### COMPLAINT FOR AGE DISCRIMINATION AND JURY DEMAND

Plaintiff Robert H. Moyer ("Plaintiff" or "Moyer"), by and through the undersigned counsel

files this Complaint for Age Discrimination and Jury Demand ("Complaint") against Defendant

Shirley Contracting Company, LLC ("Defendant" or "Shirley Contracting"). The following

allegations are based on personal knowledge as to Plaintiff and are based on information and

belief as to others.

### INTRODUCTION

1. In this action Plaintiff sets forth Defendant's unlawful age discrimination as reflected in

its blatant, unlawful, and precipitous termination of Plaintiff following Plaintiff's uninterrupted

and exemplary performance as a construction grade foreman for over five years on numerous

construction projects of Defendant beginning May 19, 2014 and ending with his termination by Defendant effective August 2, 2019.  Plaintiff challenges Defendant's conduct and Defendant's discriminatory employment policies and practices.

2.  At the time of his termination, Plaintiff was 79 years old.  On information and belief, Defendant's termination of Plaintiff is the result of intentional and willful ageism, and is based on unfounded stereotypes and assumptions about the ability of Plaintiff to perform his functions at work, the effect of which has been the dismissal of Plaintiff despite his capabilities to fully perform the functions and responsibilities of his position.

3.  Plaintiff brings this action seeking a declaration that Defendant's conduct in dismissing Plaintiff violates the ADEA.  Plaintiff also seeks a permanent injunction requiring that in the event it is determined that Defendant has a regular policy or practice of terminating employees over a certain age, that a permanent injunction issue requiring that such policy or practice be eliminated.  Finally, Plaintiff seeks an order requiring Plaintiff's reinstatement to the position of construction grade foreman with back pay, or if he is not reinstated, an award of compensation of appropriate front and back pay for the income he would have received had he been kept in his position.

## PARTIES

4.  Plaintiff Robert H. Moyer is a resident of Monterey, Virginia, where he has resided since 1981.

5.  On information and belief, Defendant Shirley Contracting LLC, an affiliate of Clark Construction Group, is a transportation and heavy civil construction services company having its principal office at 8435 Backlick Rd., Lorton, Virginia 22079.  Founded in 1974, it has around

2

631 employees and its last reported revenue was around $300 million (*see* Defendant's website at http://www.shirleycontracting.com and https://rocketreach.co/shirley-contracting companyprofile_b5c19fbff42e08fd).  Defendant has worked on significant projects in Stafford, Virginia (I-95/Route 630 Reconstruction and Widening), in Loudoun County (Route 7/659 Interchange Project), in Leesburg, Virginia (Route 659 Reconstruction and Widening) and at various locations in other states.  At the time the cause of action in this Complaint arose, Plaintiff was working on a project in Stafford County, Virginia followed by work for around a week thereafter at another project to which he had been transferred in Fairfax County, Virginia. Defendant does business in the Eastern District of Virginia and virtually all of its contacts with Plaintiff were through its officials, superintendents, and employees at its office in Lorton, Virginia, or at various construction sites to which Plaintiff had been assigned.

## JURISDICTION AND VENUE

6.  This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(4) because this case is brought under the ADEA, 29 U.S.C. § 621 *et seq*.

7.  At all times relevant herein, Plaintiff worked for Defendant at various locations in the Eastern District of Virginia.

8.  Venue is proper in the Eastern District of Virginia because Plaintiff's cause of action arose within this District and Division in that a substantial part of the acts and omissions giving rise to the claims in this case occurred in this District.  Venue is also proper in this District because the Defendant is subject to personal jurisdiction therein by virtue of its substantial, continuous and commercial activities in this District (*see* 28 U.S.C. § 1391(b), (c)).  Moreover, Defendant is subject to personal jurisdiction in this Division because its principal place of

business is in this Division.  Accordingly, Defendant "resides" in this Division for venue purposes (*see* 28 U.S.C. §1391(c)).

## **FACTUAL BACKGROUND**

### **Plaintiff's Work at Shirley Contracting**

9.  Plaintiff is an unemployed construction grade foreman with extensive experience in operating construction rollers and sweepers.  He also has extensive experience in operating related types of construction equipment in his decades long career in construction.

10.  At all times relevant to Plaintiff's employment herein, beginning May 19, 2014 until his termination by Defendant effective August 2, 2019, Plaintiff's work involved the operation of construction rollers and sweepers in projects to which he had been assigned by Defendant.

11. Rollers are slow moving pieces of heavy construction equipment that press and roll heavy drums over poured stone to flatten and pack the stone to the contours of desired road locations preparatory to the application of asphalt.  The operator of the roller typically moves the roller in a front direction and after a distance, reverses and moves it in a backward direction to achieve the desired fill and firmness of subgrade.  Sweepers are construction equipment used to dispose of extra and unneeded road material both before and after operation of the roller.

12.  Because of the slow-moving nature of rollers and sweepers, accidents and safety concerns involving rollers or sweepers are rare.  On information and belief, with the exception of two safety warnings fabricated by Defendant as pretext for his termination, Plaintiff cannot recall a single instance involving his operation of a roller or sweeper where a safety issue was alleged or found to exist.

13. Plaintiff was 79 years old (a "young 79" according to Plaintiff) at the time of his termination, in good health, and had never had any work-related accidents, misconduct, reprimands, or negative reviews. He had an exemplary work record for his entire work career. Plaintiff has no plans to retire for the foreseeable future.

14. On information and belief, Plaintiff believes that he was one of the few oldest employees at Shirley Contracting.

## Defendant's efforts to Terminate Plaintiff

15. On information and belief, beginning July, 2019 Defendant commenced a systematic and continuous effort to terminate Plaintiff from his position at Shirley Contracting. In furtherance of this effort, Defendant enlisted the assistance of a number of its officers, employees and agents at Shirley Contracting.

16. On information and belief, Michael Post, the CEO of Shirley Contracting, was responsible for approving, initiating and directing Defendant's efforts to terminate Plaintiff. He was assisted in this effort by Charles Amos, Vice President, Greg Johansen, Defendant's Project Manager, Burt Shaffer, Defendant's General Superintendent, as well as several other employees at Shirley Contracting.

17. On information and belief, Michael Post was at all relevant times herein aware of the discriminatory acts and conduct of Defendant, its officers, agents and employees against Plaintiff set forth in this Complaint, but he did nothing to stop these discriminatory acts.

18. On information and belief, the effort to terminate Plaintiff began on July 5, 2019 when Plaintiff was informed by Robert Mudge, a co-worker, that Plaintiff was to be moved from his present project at Stafford County to another project a considerable distance away in Fairfax County, Virginia. The Fairfax project was 77 miles away and this job transfer would

substantially increase Plaintiff's travel time to several hours a day and would also increase his travel expenses. On information and belief, Defendant expected that this proposed move would prompt Plaintiff to resign from his position at Shirley Contracting.

19. A few days later on July 8, 2019, Greg Johansen, Defendant's Project Manager, summoned Plaintiff to his office and informed Plaintiff that his services "were no longer needed" and that "he should consider retirement". After Plaintiff protested that he wished to continue working, Greg Johansen stated that "the Fairfax project had a need that he [Plaintiff] could fulfill". Plaintiff was informed that Defendant would not pay Plaintiff for the extra miles involved in driving to and from the Fairfax project.

20. Plaintiff believed that he could negotiate reimbursement for his travel expenses to the Fairfax project with other Shirley Contracting officials and indicated that he would work on the Fairfax project. On July 9, 2019 Plaintiff discussed the specifics of his work responsibilities on the Fairfax project with Mike Cook, Defendant's Superintendent, preparatory to his beginning work on the project.

21. After having worked on the Fairfax project for about a week, on July 16, 2019 Burt Shaffer, Defendant's General Superintendent, advised Plaintiff that a written warning had issued alleging unsafe operation of a roller by Plaintiff. This was followed on July 17, 2019, the next day, with advice by Burt Shaffer that another written warning had issued alleging unsafe operation of a sweeper by Plaintiff.

22. On information and belief, the two warnings of unsafe operation were fabrications designed by Defendant and Burt Schaffer to further pressure Plaintiff to resign.

23.  On information and belief, Defendant's two warnings of unsafe operation by Plaintiff were not accepted as credible evidence of misconduct by the Virginia Employment Commission where Plaintiff had applied for unemployment benefits.  On or around October 25, 2019, the Appeals Examiner at the Virginia Employment Commission found that Defendant had discharged Plaintiff, but not for any work-related misconduct.

24.  On or around July 19, 2019 Plaintiff was called to the office of Charles Amos, Defendant's Vice President, and was informed that "the Shirley Contracting president had decided to retire him and that August 2, 2019 would be his last day".  Plaintiff was told that Defendant would keep Plaintiff's insurance in effect through September 30, 2019.

25.  Plaintiff again protested that he wanted to keep working.

26.  Plaintiff inquired "whether he was being retired because of the quality of his work" at the July 19, 2019 meeting.  Charles Amos advised Plaintiff that "his work quality was not at issue, but the president wanted him to retire due to liabilities".  No information was provided to Plaintiff about the nature of the alleged "liabilities".

27.  On information and belief, there is little likelihood that any work-related activity of Plaintiff could cause a liability to Defendant.

28.  Plaintiff at the July 19, 2019 meeting asked Charles Amos if Plaintiff could speak with the president to request a reconsideration of the decision to terminate him.  Charles Amos indicated that he would on behalf of Plaintiff ask for a reconsideration of the decision to terminate Plaintiff.  He then advised Plaintiff that he would let him know about Defendant's decision.

29.  A few days later, Charles Amos advised Plaintiff that the president had denied Plaintiff's request for reconsideration.

30.  Plaintiff travelled to the Fairfax project on August 5, 2019.  Shortly after he arrived at the site, Charles Amos, who was present at the site, advised Plaintiff that "he was retired" and that "he should turn over all of the Defendant's property and leave the premises".  Plaintiff did as he was asked and left the premises.

31.  On information and belief, not long thereafter, Defendant hired a significantly younger, less qualified individual to take over his position as construction grade foreman at Shirley Contracting.

32.  Defendant's efforts to terminate Plaintiff took a devastating toll on Plaintiff and upended his career.  On information and belief, the repeated and inappropriate remarks by Charles Amos and others pressuring Plaintiff to "retire", Defendant's fabricated safety warnings, and the transfer of Plaintiff to a distant site requiring substantially increased travel time and expense, exhibited Defendant's cruel, intentional and unlawful adoption of the false and baseless view that Plaintiff no longer had the ability to perform the required functions of his position due to his age.  As a result, Plaintiff was presented with increasingly difficult barriers to performing his work and maintaining his livelihood and he experienced significant stress and anxiety in the weeks before his termination. When he was finally terminated, Plaintiff lost his basic source of income and he is now unemployed.

## ADEA COVERAGE

33.  Defendant was an "employer" as defined by §11(b) of the Age Discrimination in Employment Act, as amended (*see* 29 U.S.C. §630(b)).  At all relevant times, the Defendant has

been engaged in interstate commerce within the meaning of the ADEA, *id.*, and has employed, and continues to employ, twenty or more employees.

34. At all times relevant herein, Plaintiff was over 40 years of age (*see* 29 U.S.C. §631(a)), and Defendant discharged him from employment (*see* 29 U.S.C.§ 623(a)(1), (2)).

## THE EEOC PROCEEDINGS

35. On or around August 12, 2019 Plaintiff filed a timely charge of age discrimination with the EEOC and has satisfied all preconditions to bringing this action. The Charge is attached to the Complaint as Exhibit 1 and incorporated herein.  Plaintiff has exhausted his administrative remedies.

36. The EEOC issued a Dismissal and Notice of Rights which was mailed to Plaintiff on October 28, 2020, thereby allowing Plaintiff to go forward with filing suit against Defendant. This Notice is attached to the Complaint as Exhibit 2 and incorporated herein.  Plaintiff indicates that he actually received this Notice on November 6, 2020.

37. Plaintiff has timely filed this suit following notice of his right to sue.

## COUNT ONE

### Intentional Age Discrimination in Violation of the ADEA

38. Paragraphs 1-37 are incorporated by reference and made a part herein.

39. The ADEA makes it unlawful for employers "to fail or refuse to hire or to discharge any individual…because of such individual's age." (*see* 29 U.S.C. § 623(a)(1)).

40. Plaintiff was 79 years old at the time Defendant terminated Plaintiff from his position as construction grade foreman.  On information and belief, age was a determinative factor in Defendant's decision to terminate Plaintiff.

9

41. Plaintiff was qualified for the position of construction grade foreman at Shirley Contracting.

42. A significantly younger, less qualified individual was hired instead of Plaintiff.

43. The Defendant's violations of the ADEA were intentional and willful.

44. The circumstances of this case give rise to an inference of intentional age discrimination.

45. Terminating Plaintiff in the manner done in this case is a way of intentionally weeding out older employees like Plaintiff.  On information and belief, Defendant believed that such older workers were not desirable because of stereotypes and unfounded assumptions regarding the ability of older workers.

46. As a direct and proximate result of the foregoing violations of the ADEA, Plaintiff has suffered sustained economic and non-economic damages, including, but not limited to, denial of the wages and other benefits, lost interest on those wages and other benefits, and loss of any potential opportunity to advance within Defendant.

*Wherefore,* Plaintiff Robert H. Moyer prays for:

a. Lost wages, employment benefits, and other compensation lost to him as a result of Defendant discriminating against him on the basis of his age, and prejudgment interest;

b. Liquidated damages doubling the award of interest, wages, lost employment benefits, and other compensation lost to him as a result of Defendant's discriminating against him on the basis of his age;

c. Reinstatement to the job of construction grade foreman (or to a comparable job) and back pay or, in the alternative, front pay beginning on the date of the verdict in this case and extending for a reasonable time into the future;

d. Reasonable attorney's fees, expert witness fees, expenses and the costs of this action and of prior administrative actions; and

e. Such other relief that this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues triable in this action.

Respectfully submitted,

*/s/  William Zeitler*
WILLIAM ZEITLER, Va. Bar 06334
Attorney for Robert H. Moyer
Law Offices of William Zeitler PLC
Suite 1500, 1750 Tysons Blvd.
McLean, VA 22102
Tel. 703 289 5025, Mobile 703 943 6653
Fax 703 289 388 0648
Email: will.zeitler@zlaw.biz

Date: January 14, 2021